IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 16, 2004 Session

## DANIEL LEE STEVENSON v. TRACY DAWN STEVENSON

**Direct Appeal from the Circuit Court for Rutherford County**
**No. 45250    J. S. Daniel, Judge**

_____

**No. M2002-02970-COA-R3-CV - Filed April 14, 2004**

_____

This appeal arises from the trial court's award of primary residential custody of the parties' minor children to their father. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Robert D. Massey, Pulaski, Tennessee, for the appellant, Tracy Dawn Stevenson.

Jon S. Jablonski, Nashville, Tennessee, for the appellee, Daniel Lee Stevenson.

### OPINION

Daniel Lee Stevenson (Mr. Stevenson) and Tracy Dawn Stevenson (Ms. Stevenson) were married in October 1992 and separated in July 2001. Mr. Stevenson filed for divorce in August 2001. The trial court, sitting without a jury, declared the parties divorced on November 19, 2002, and awarded Mr. Stevenson primary residential custody of the parties' two minor children. Mother appeals only the award of primary residential custody of the children to Mr. Stevenson.

### Standard of Review

Appellate review of the trial court's findings of fact is *de novo* with a presumption of correctness. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn.2000). We may not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* We afford the trial court wide discretion in matters of child custody and review its determination under an abuse of discretion standard. *Herrera v. Herrera*, 944 S.W.2d 379, 385 (Tenn. Ct. App. 1996). This Court will not interfere with the trial court's determination absent a palpable abuse of discretion or unless the judgment is against the great weight of the evidence. *Id.*

at 386.  This deferential review is premised on the assumption that the trial court first considered the best interests of the children in making the custody determination and did not act arbitrarily.  *Id.*

## *Analysis*

The welfare and needs of the children are the paramount concerns in the determination of child custody.  *Id.*  The true test for the award of custody is to arrive at the point of deciding with whom to place the child in preparation for a caring and productive adult life.  *Id.*  In making a custody determination, the trial court must engage in a comparative fitness analysis of the parents.  *Gaskill v. Gaskill*, 936 S.W.2d 626, 630 (Tenn. Ct. App. 1996). In so doing, it must consider the factors outlined by the legislature as codified at Tenn. Code Ann. § 36-6-106.[1]  *Id*. Custody determinations are thus based on a combination of subtle factors, and require a factually based inquiry.  *Id.*  The trial court is in the best position to weigh the facts presented to it, and to assess the credibility of the parties.  *Id.* at 631.

In its November 2002 order, the trial court stated:

> The Court finds that the main issue of this trial regards who is to be the primary residential parent.  That after listening to the facts of this case, the Court finds the following after applying the factors enumerated in T.C.A.§ 36-6-404(b).
>
> a.   The Court finds that both parties were equally responsible for the care giving of the children.  The

---

[1]The statute provides that the trial court must consider:

(1) The love, affection and emotional ties existing between the parents and child;
(2) The disposition of the parents to provide the child with food, clothing, medical care, education and other necessary care and the degree to which a parent has been the primary caregiver;
(3) The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment; ...
(4) The stability of the family unit of the parents;
(5) The mental and physical health of the parents;
(6) The home, school and community record of the child;
(7) The reasonable preference of the child if twelve (12) years of age or older. . . .
(8) Evidence of physical or emotional abuse to the child, to the other parent or to any other person; . . . .
(9) The character and behavior of any other person who resides in or frequents the home of a parent and such person's interactions with the child; and
(10) Each parent's past and potential for future performance of parenting responsibilities, including the willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent, consistent with the best interest of the child.

Tenn. Code Ann. § 36-6-106 (2001).

> Court specifically discounts any testimony to the contrary.
>
> b. The Court also finds that both parties genuinely love the children and are interested in their well being.
>
> c. The Court finds that the factors that weigh more favorably for the Plaintiff, DANIEL LEE STEVENSON would be the emotional and physical fitness of the parties, also the continuity of the life of the children and the satisfactory living environment.

> Based upon the above conclusions, this Court finds that the Father, DANIEL LEE STEVENSON, shall be named the primary residential parent.

Having reviewed the record in this case, we cannot say the evidence preponderates against the determination of the trial court, or that the court abused its discretion in awarding primary residential custody to Mr. Stevenson. The report of the special master, adopted by the trial court in September 2001, indicates that these parties appear to have had a difficult relationship throughout their marriage. The master's report clearly indicates that although Ms. Stevenson is an excellent parent, her mental health, including being suicidal in the weeks preceding the report and taking seven different medications, caused the court "concern[] about her emotional stability." Although, the special master stated that Mr. Stevenson contributed to the mental health problems of Ms. Stevenson, refused to go to marriage counseling when asked to by Ms. Stevenson, and was "not very truthful with regard to a brief relationship he had with Defendant's friend in September of 1999," the master nevertheless recommended it was best for the children to reside primarily with Mr. Stevenson, at least "during this temporary time."

In their briefs to this Court, Mr. Stevenson and Ms. Stevenson both cite to the deposition of Dr. Glenn Yank, a psychiatrist who treated Ms. Stevenson at Vanderbilt Hospital, where she received in-patient treatment. Mr. Stevenson cites to Dr. Yank's testimony regarding Ms. Stevenson's mental illness to support the proposition that he is the more fit parent. Ms. Stevenson cites Dr. Yank as testifying that she is in "good remission," and that neither her illness nor medications would interfere with her ability to work or parent the children.

Clearly, this is a case wherein the court was faced with two parents who genuinely love and care for their children. Further, the court found that both Mr. Stevenson and Ms. Stevenson were responsible for the care giving of their children. However, a parent seeking custody need not prove that the other parent is unfit, and a child custody determination is not a mechanism to punish or reward parents. *Gaskill*, 936 S.W.2d at 630-31. Instead, the trial court must seek to further the children's best interests by placing them in the environment that will best meet their physical and emotional needs. *Id.* at 631. The evidence in this case does not preponderate against the finding of the trial court that Mr. Stevenson is emotionally and physically more fit to have primary residential custody.

***Holding***

The trial court reached its custody determination based upon the comparative fitness analysis prescribed by the Tennessee Code, and we cannot say this determination was an abuse of discretion in light of the record. We affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, Tracy Dawn Stevenson, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE